1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>   v.<br><br>ED-KELVIN  DUNCAN,<br><br>    Defendant. | No.  2:20-cv-1763<br><br>**COMPLAINT** |

Plaintiff, the United States of America, by and through its undersigned attorneys, brings this complaint against Defendant ED-KELVIN DUNCAN, and alleges the following:

### I. NATURE OF THIS ACTION

1. Starting in or around December 2017, and continuing to the present, Defendant has conducted financial transactions with large sums of illegally obtained money, knowing that his transactions are designed to conceal the nature, source, location, ownership, and control of proceeds. Defendant's conduct includes knowingly receiving money obtained via fraud and then immediately transmitting the same money to accomplices. Defendant has transmitted money to and from accomplices in Ghana and the United States.

2.      The United States seeks to prevent continuing and substantial injury to the United States and victims by bringing this action for a permanent injunction and other equitable relief under 18 U.S.C. § 1345. The United States seeks to enjoin the ongoing commission of banking law violations as defined in 18 U.S.C. § 3322(d), including money laundering in violation of 18 U.S.C. § 1956(a)(1)(B), international money laundering in violation of 18 U.S.C. § 1956(a)(2)(B), and structuring cash transactions to evade transaction reporting requirements in violation of 31 U.S.C. § 5324(a).

## II. JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action under 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345.

4.      The United States District Court for the Western District of Washington is a proper venue for this action under 28 U.S.C. § 1391(b)(1) & (b)(2) because Defendant is a resident of this District and because a substantial part of the events or omissions giving rise to this Complaint occurred in this District.

## III. PARTIES

5.      Plaintiff is the United States.

6.      Defendant Ed-Kelvin Duncan is a resident of this District, residing in Seattle, Washington. In connection with the matters alleged herein, Defendant transacts and has transacted business in this District.

## IV. FACTS

### A. Defendant's Ongoing Banking Law Violations

7.      Defendant conducts financial transactions to benefit one or more international fraud schemes, knowing that the moneys he receives and transmits are obtained fraudulently,

COMPLAINT - 2
Case No. 2:20-cv-1763

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

knowing that his transactions are designed to conceal the schemes, and structuring his cash transactions in an effort to prevent the filing of required financial transaction reports. Defendant receives financial compensation for this conduct, by transmitting to an accomplice slightly smaller amounts than he receives and keeping the difference for himself.

### (1) Money laundering and international money laundering

8.      Beginning in or around late 2017, Defendant has knowingly and willingly accepted hundreds of thousands of dollars from multiple sources and then transmitted most of that money to accomplices, including to locations outside the United States, such as Ghana.

9.      Starting on or about December 5, 2017, through September 3, 2018, Defendant sent 57 wire transfers, ranging from between $50 to $2,000, totaling approximately $29,000, to sources in Ghana. Western Union contacted Defendant about the suspicious nature of the activity. Defendant replied it was related to his mother's payroll and business activity.

10.     Defendant also told federal investigators he was contacted via Snapchat in late 2018 by an accomplice from Defendant's native country of Ghana purportedly to ask Defendant to be a business partner in a building materials business.

11.     Starting on or around August 5, 2019, and continuing through September 15, 2020, a total of 246 deposits, from a variety of sources (including cash ATM deposits, checks, wire transfers, and electronic peer-to-peer deposits), were made into Defendant's Bank of America account for a total of approximately $302,000. Additionally, a series of 977 debits, from a variety of forms (including cash withdrawals, international wire transfers, and electronic peer-to-peer withdrawals), were made from Defendant's account for a total of approximately $301,000 to sources appearing to be in the United States and Ghana.

12.     In or around the summer of 2020, Defendant received approximately $367,000 through at least two wire transfers from a romance scam fraud victim in the United States and

$12,000 that the same victim sent to Defendant via postal mail hidden in a shoe. Defendant deposited these funds in his Chase banking account and transferred the funds to his accomplice in Ghana via a Ria Money Transfer and international wire transfer. Other victims of similar romance scams sent money to Defendant using similar transactions.

*(2)* **Structuring**

13.    Defendant engaged in conduct designed to cause domestic financial institutions to fail to file a report required under 31 U.S.C. § 5313(a), and the regulations promulgated thereunder. Defendant repeatedly caused and attempted to cause his cash withdrawals, and those of his relative, to be structured in amounts designed to avoid this transaction reporting requirement.

14.    For example, starting on or around March 12, 2019, and continuing through February 22, 2020, Defendant received a total of 39 wire transfers from 15 different senders in the United States and Canada. The payments were structured to avoid the $3,000 Bank Secrecy Act recordkeeping threshold with the same sender wiring multiple consecutive payments for under $3,000.

15.    Defendant received and sent similar wire transfers to and from other sources at other times, also structured to avoid recording thresholds.

**B.  Defendant's Knowledge of Fraud; Intent to Conceal the Nature, Source, Location, Ownership, or Control of Proceeds; and Intent to Evade Transaction Reporting Requirements**

16.    On information and belief, Defendant has engaged in the financial transactions alleged in Paragraphs 7 through 15 with the knowledge that the moneys he receives from and transmits to accomplices are obtained by fraud schemes or other specified unlawful activity.

COMPLAINT - 4
Case No. 2:20-cv-1763

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

17.     On information and belief, Defendant has engaged in the financial transactions alleged in Paragraphs 7 through 15 with the intent to conceal the nature, source, location, ownership, or control of proceeds.

18.     On information and belief, Defendant has engaged in the financial transactions alleged in Paragraphs 13 through 15 with the intent to evade transaction reporting requirements.

### C.  Harm to the United States

19.     The United States is suffering continuing and substantial injury from Defendant's banking law violations.

20.     Defendant is continuing to facilitate his banking law violations.  Absent injunctive relief by this Court, Defendant will continue to cause continuing and substantial injury to the United States and victims.

### COUNT I
### (18 U.S.C. § 1345 – Injunctive Relief)

21.     The United States re-alleges and incorporates by reference Paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22.     By reason of the conduct described herein, Defendant has committed, is committing, and is about to commit banking law violations as defined in 18 U.S.C. § 3322(d), including money laundering with intent to conceal in violation of 18 U.S.C. § 1956(a)(1)(B)(i), money laundering with intent to evade transaction reporting requirements in violation of 18 U.S.C. § 1956(a)(1)(B)(ii), international money laundering with intent to conceal in violation of 18 U.S.C. § 1956(a)(2)(B)(i), international money laundering with intent to evade transaction reporting requirements in violation of 18 U.S.C. § 1956(a)(2)(B)(ii), and structuring cash transactions to evade transaction reporting requirements in violation of 31 U.S.C. § 5324.

23.     Because Defendant is committing or about to commit banking law violations as defined in 18 U.S.C. § 3322(d), the United States is entitled, under 18 U.S.C. § 1345, to seek a permanent injunction restraining all future banking law violations and any other action that this Court deems just to prevent a continuing and substantial injury to the United States.

24.     As a result of the foregoing, Defendant's conduct should be enjoined pursuant to 18 U.S.C. § 1345.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, United States of America, requests of the Court the following relief:

A.     That the Court issue a permanent injunction, pursuant to 18 U.S.C. § 1345, ordering that Defendant is restrained from engaging, participating, or assisting in money laundering, international money laundering, structuring transactions to evade transaction reporting requirements, and any money transmitting business; and

B.     That the Court order such other and further relief as the Court shall deem just and proper.

Respectfully submitted this 30th day of November, 2020.

BRIAN T. MORAN
United States Attorney

*s/ Nickolas Bohl*
NICKOLAS BOHL, WSBA #48978
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone:  206-553-7970
Fax:      206-553-4067
Email:   nickolas.bohl@usdoj.gov

Counsel for United States of America

COMPLAINT - 6
Case No. 2:20-cv-1763

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1

<u>CERTIFICATE OF SERVICE</u>

2          The undersigned hereby certifies that he is an employee in the Office of the United

3    States Attorney for the Western District of Washington and is the person of such age and

4    discretion as to be competent to serve papers;

5          It is further certified that on this day, I mailed by United States Postal Service said

6    pleading to Defendant, addressed as follows:

7       Ed-Kelvin Duncan
        620 Comstock St. Apt 213
8       Seattle, WA, 98109

9          Dated this 30th day of November, 2020.

10

11                                  Ryan Hardy, Investigative Analyst
                                    United States Attorney's Office
12                                  700 Stewart St., Ste. 5220
                                    Seattle, WA 98101
13                                  Phone: 206-553-7970
                                    E-mail: ryan.hardy@usdoj.gov
14

15

16

17

18

19

20

21

22

23

COMPLAINT - 7                                              UNITED STATES ATTORNEY
Case No. 2:20-cv-1763                                        700 Stewart Street, Suite 5220
                                                          Seattle, Washington 98101-1271
                                                                  (206) 553-7970